**Kelly BEDLE, Appellant–Defendant,**

v.

**Susan KOWARS, Appellee–Plaintiff.**

**No. 15A01–0211–CV–462.**

Court of Appeals of Indiana.

Sept. 23, 2003.

Frederick N. Hadley, Indianapolis, IN, Attorney for Appellant.

James D. Witchger, Ashley Rozek Howell, Rocap Witchger LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

In this case, we are presented with a classic choice of law question. If Indiana law prevails, the cause must proceed to trial. If Ohio law applies, the trial court correctly dismissed the complaint.

Appellant-plaintiff Kelly Bedle appeals the trial court's judgment granting appellee-defendant Susan Kowars's motion to dismiss her claim for breach of contract against Kowars regarding an alleged agreement they had with each other to split gambling winnings from the Argosy Casino (the Casino) in Lawrenceburg. Specifically, Bedle argues that the trial court erred in dismissing the complaint because an enforceable contract was created and Kowars breached the agreement because she subsequently refused to split the winnings with her. Concluding that Ohio law controls in this instance that prohibits such gambling agreements, we affirm the dismissal of the complaint.

## FACTS

On June 16, 2000, Kowars invited Bedle to join her for a one-day trip to the Casino in Lawrenceburg. At the time, both women resided in Hamilton County, Ohio and a number of discussions regarding their trip were made there. Bedle maintains that the two agreed to bring $300 for gambling purposes to the Casino and would split any winnings. Kowars urges, however, that no such agreement ever existed.

At some point during the gambling endeavor, Kowars pulled a lever on a slot machine that returned a jackpot of $132,365. When the two returned to Ohio, Kowars advised Bedle that she was not going to divide the winnings with her and further claimed that she never agreed to do so. As a result, Bedle filed a complaint for breach of contract, alleging that an oral contract had been created in Ohio to share the winnings and that Kowars breached the agreement because she refused to split the jackpot.

In response, Kowars filed a motion to dismiss the complaint pursuant to T.R. 12(B)(1) and 12(B)(6), claiming that the trial court lacked subject matter jurisdiction and that Bedle failed to state a claim upon which relief could be granted. Following a hearing, the trial court granted Kowars's motion. In essence, the trial court dismissed the action because it determined that the subject of the cause of action was negotiated in Ohio, Kowars and Bedle were residents there, the contract was to be performed in Ohio, and all witnesses in the action were Ohio residents. Bedle now appeals.

## DISCUSSION AND DECISION

We initially observe that our standard of review of a trial court's grant or denial of a motion to dismiss pursuant to Trial Rule 12(B)(1) is a function of what occurred in the trial court. *GKN Co. v.*

*Magness,* 744 N.E.2d 397, 401 (Ind.2001). The standard of appellate review is dependent upon: (1) whether the trial court resolved disputed facts; and (2) if the trial court resolved disputed facts, whether it conducted an evidentiary hearing or ruled on a "paper record." *Id.* If the facts before the trial court are not in dispute, then the question of subject matter jurisdiction is purely one of law and no deference is afforded to the trial court's conclusion. *Id.* Thus, the standard of review is de novo. *Id.*

In resolving the issue that Bedle presents, we must first decide whether Indiana law or Ohio law applies in this circumstance. Generally, Indiana's choice of law rule for contract actions calls for applying the law of the forum with the most intimate contacts to the facts. *Hartford Acc. & Indem. Co. v. Dana Corp.,* 690 N.E.2d 285, 291 (Ind.Ct.App.1997). Thus, in applying this test, the court considers the following factors: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract, and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id.* Our courts have not hesitated to apply the substantive law of another state where the most intimate contacts test warrants it. *See OVRS Acquisition Corp. v. Community Health Serv., Inc.,* 657 N.E.2d 117, 124 (Ind.Ct.App.1995) (holding that Kentucky law applied when it was demonstrated that the defendant was a Kentucky corporation, the plaintiff's principal place of business was in Kentucky, and the contract was signed in Kentucky).

In this case, the complaint alleges that the contract was created in Ohio and the parties had a number of discussions there regarding their plan to gamble at the Casino. Additionally, the "place of perform-

ance" was to have been in Ohio. That is, Bedle's allegation that Kowars breached the contract by informing her that she did not intend to honor their agreement occurred on July 2, 2000 when they were in Ohio. It is undisputed that Kowars returned to Ohio with the check that had been issued to her. Finally, both parties reside in Ohio and the sole contact they had with Indiana was when they gambled at the Casino and collected the winnings. Viewing these factors as a whole, we find that Ohio has the most intimate contacts to this litigation. Therefore, we will apply the substantive law of Ohio.

■ In accordance with Ohio law, "contract terms that violate public policy are unenforceable." *Sammarco v. Anthem Ins. Cos.*, 131 Ohio App.3d 544, 551, 723 N.E.2d 128 (1998). Turning to the relevant statutory provision, Ohio Rev.Code § 3763.01 sets forth the general rule stating that promises and agreements relating to gambling are void:

> (A) All promises, agreements, ... or other contracts, ... when the whole or part of the consideration thereof is for money or other valuable thing won or lost, laid, staked, or betted at or upon a game of any kind, ... or on a wager, or for the repayment of money lent or advanced at the time of a game, play, or wager, for the purpose of being laid, betted, staked, or wagered, are void.

> (B) Sections 3763.01 to 3763.08 of the Revised Code do not apply to ... any game of chance that is not subject to criminal penalties under section 2915.02 of the Revised Code.

While section (B) quoted above exempts games of chance that are permitted in Ohio such as charitable bingo games, it is apparent that a slot machine qualifies as a game of chance that is subject to criminal penalties. Thus, in accordance with O.R.C. § 3763.01, agreements relating to slot machine gambling are void. We also note that the statute provides no basis for distinguishing between gambling conducted in Ohio and that conducted elsewhere. Therefore, so long as the subject of the contract is a type of gambling that is subject to criminal penalties when performed in Ohio, the statute operates to void the contract. Inasmuch as Ohio law prevails in this instance and the purported contract between Bedle and Kowars was void in accordance with the relevant statutes, we must conclude that the trial court properly dismissed Bedle's complaint.[1]

As we noted at the outset, however, had the circumstances been otherwise, and Indiana law applied here, the gambling contract between the Bedle and Kowars might very well have survived a motion to dismiss. As our supreme court observed in *Kaszuba v. Zientara*, 506 N.E.2d 1, 3 (Ind.1987), "there is nothing perceptibly evil, vicious, wicked, immoral or shocking to the prevailing moral sense" regarding such agreements. Moreover, our General Assembly has expressly authorized gambling to be conducted by licensed owners on riverboats. Ind.Code § 4–33–9–1.

Affirmed.

SHARPNACK, J., concurs.

BROOK, C.J., concurs in result with opinion.

---

1. A similar result was reached in *Jackson v. Krauss*, C.A. No. L–82–015, 1982 WL 6377 (Lucas Cty., April 30, 1982), where the Court of Appeals of Ohio for the Sixth District, in an unpublished decision, upheld the dismissal of a complaint for breach of contract based on an alleged agreement for the defendant to place gambling wagers on the plaintiff's behalf in Las Vegas. The *Jackson* court dismissed the complaint for the reason that the contract alleged to exist between the parties was against public policy.

BROOK, Chief Judge, concurring in result.

In my view, Bedle's arguments are based on the faulty premise that the trial court dismissed her complaint because her contract with Kowars is unenforceable under both Indiana and Ohio law. Nothing could be further from the truth.

Kowars sought to dismiss Bedle's complaint on the grounds of lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, as well as on the alternative ground of *forum non conveniens.* *See* Appellant's App. at 38 (motion to dismiss); *id.* at 47–51 (memorandum discussing *forum non conveniens* considerations under Ind. Trial Rule 4.4(C)). Indiana Trial Rule 4.4(C) provides,

> Jurisdiction under this rule is subject to the power of the court to order the litigation to be held elsewhere under such reasonable conditions as the court in its discretion may determine to be just.
>
> In the exercise of that discretion the court may appropriately consider such factors as:
>
> (1) Amenability to personal jurisdiction in this state and in any alternative forum of the parties to the action;
>
> (2) Convenience to the parties and witnesses of the trial in this state in any alternative forum;
>
> (3) Differences in conflict of law rules applicable in this state and in the alternative forum; or
>
> (4) Any other factors having substantial bearing upon the selection of a convenient, reasonable and fair place of trial.

At the hearing, Kowars's counsel informed the trial court,

> As you may or may not know, there is another case now pending in this Court filed by another plaintiff against Mrs. Kowars alleging that he too is entitled to one-half the jackpot won by Mrs. Kowars, and in the interest of judicial efficiency and economical litigation, we would like to ... at this time, withdraw our Motion To Transfer The Venue, and should this Court deny the Motion To Dismiss on the basis of *Jackson v Kraus,* that the case remain here in Indiana so that the two matters can be consolidated and handled together. Obviously, our desire is to have this Court apply the Ohio law before it and decide that an Ohio Court would not enforce the alleged agreement, but if we lose this Motion ... in consultation with her attorneys, Mrs. Kowars would desire for the case to stay here, so we withdraw the Motion To Transfer Venue on the basis form non-convenience [sic] at this time.

*Id.* at 17–18. The trial court confirmed that Bedle had no objection to Kowars's motion to withdraw but never specifically ruled on the motion.

The trial court's order on Kowars's motion to dismiss reads in relevant part as follows:

> And the Court, having been duly advised in the premises and having heard the evidence herein, the arguments of counsel and having reviewed briefs of the parties, now finds:
>
> 1. That the contract which is the subject of this cause of action was negotiated and made in the State of Ohio;
>
> 2. That the parties are both residents of the State of Ohio and were at the time the contract was made;
>
> 3. That the contract was to be performed in the State of Ohio; and
>
> 4. That the witnesses in this cause of action have their residences in the State

of Ohio within the Hamilton County area.

For all the above reasons, the Court grants [Kowars's] motion to dismiss.

*Id.* at 5.

Clearly, the trial court did *not* dismiss Bedle's complaint on the basis that the contract was unenforceable under both Indiana and Ohio law. Given that Bedle does not challenge the stated basis of the order, I would find her arguments waived and affirm the trial court's dismissal of her complaint.